JACKSON LEWIS LLP
220 Headquarters Plaza--East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANTS UNGERER & COMPANY,
and KENNETH G. VOORHEES, III.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANA USINOWICZ, | : | Civil Action No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **NOTICE OF PETITION FOR** |
| UNGERER & COMPANY, KENNETH G. | : | **REMOVAL OF CASE FROM THE** |
| VOORHEES, III, JOHN DOES I-XX and | : | **SUPERIOR COURT OF NEW JERSEY,** |
| JANE DOES 1-XX, | : | **LAW DIVISION, MORRIS COUNTY** |
| | : | |
| Defendants | : | |

To:     William T. Walsh, Clerk of Court
        United States District Court for the District of New Jersey
        M.L. King, Jr. Federal Bldg. & U.S. Courthouse
        50 Walnut Street
        Newark, NJ 07102

        S.M. Chris Franzblau, Esq.
        Julian Wilsey, Esq.
        Franzblau Dratch, P.C.
        354 Eisenhower Parkway, Plaza One
        P.O. Box 472
        Livingston, NJ  07039-0472

        Defendants, Ungerer & Company, and Kenneth G. Voorhees, III, ("Defendants"),

pursuant to 28 U.S.C. § 1446, 28 U.S.C. § 1331, 28 U.S.C. § 1441, respectfully submit this

notice and petition for removal of a case from the Superior Court of New Jersey, Law Division,

Morris County, Docket No. MRS-L-954-11, and as grounds for removal allege as follows:

        1.      On or about April 4, 2011, Plaintiff, Dana Usinowicz ("Plaintiff") filed a

civil action in the Superior Court of New Jersey, Law Division, Morris County, bearing Docket

No. MRS-L-954-11 and entitled <u>Dana Usinowicz, v. Ungerer & Company, et al.</u>

      2.      Defendants by and through their counsel were served with a copy of the complaint on April 11, 2011. (A true copy of the summons and complaint are annexed hereto as Exhibit "A"). This document is the initial pleading setting forth the claims upon which Plaintiff's action is based.

      3.      As such, this notice and petition is timely filed within the provisions of 28 U.S.C. § 1446(b) in that these Defendants have effected removal within thirty (30) days of service of this complaint.

      4.      Defendants have not filed an answer or other pleading in the Superior Court of New Jersey.

      5.      In the Complaint, Plaintiff alleges Defendants violated her rights under the Title VII of the Civil Rights Acts of 1964 (42 U.S.C. §§ 2000e, <u>et seq</u>).

      6.      Accordingly, this action is being removed to this Court on the ground that original jurisdiction over Plaintiff's claims exist pursuant to 28 U.S.C. § 1331 by virtue of its federal question jurisdiction arising out of Plaintiff's claim under Title VII.

      7.      Pursuant to 28 U.S.C. §1441(b), this action may be removed to this Court because it is founded, in part, on claims or rights arising under the laws of the United States.

      8.      Venue is proper in this Court.

      9.      Defendants submit this notice and petition without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pleaded claims upon which relief may be granted. All Defendants join and consent to this removal.

      10.      Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the removal of this action to all adverse parties, and have filed a copy of this Notice with the

Clerk of the Superior Court of New Jersey, Law Division, Morris County.

      11.    All Defendants to this action consent to this removal.

      WHEREFORE, Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Morris County, be removed to the United States District Court for the District of New Jersey.

                 Respectfully submitted,

                 JACKSON LEWIS LLP
                 220 Headquarters Plaza
                 East Tower, 7th Floor
                 Morristown, NJ 07960-6834
                 (973) 538-6890

By:   /s/ Timothy D. Speedy
           Timothy D. Speedy, Esq.
           ATTORNEYS FOR DEFENDANTS
           UNGERER & COMPANY,
           and KENNETH G. VOORHEES, III.

Dated: May 5, 2011
168074 Pleading 002-Notice Petition for Removal
4828-9444-1481, v. 1

# EXHIBIT A

FRANZBLAU DRATCH
A Professional Corporation
354 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-3700
Attorneys for Plaintiff Dana Usinowicz

| | |
|---|---|
| DANA USINOWICZ,<br><br>            Plaintiff,<br><br>vs.<br><br>UNGERER & COMPANY, KENNETH G.<br>VOORHEES, III, JOHN DOES I-XX<br>and JANE DOES I-XX,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  MORRIS COUNTY<br>DOCKET NO. MRS-L-954-11<br><br>       Civil Action<br><br>       **SUMMONS** |

**FROM THE STATE OF NEW JERSEY, TO THE DEFENDANT(S) NAMED ABOVE:**

**UNGERER & COMPANY**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a coy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal
Services office in the county where you live.  If you do not have
an attorney and are not eligible for free legal assistance, you
may obtain a referral to an attorney by calling one of the Lawyer
Referral Services.

DATED: April 8, 2011                  s/Jennifer M. Perez
                                    Clerk of the Superior Court

Name of defendant to be served: Ungerer & Company

Address of the Defendant to be Served:  4 Bridgewater Lane
                                        Lincoln Park, NJ  07035

2

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Revised 09/01/2010, CN 10792-English (Appendix XII-A)
Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN: 10153-English

Page 2 of 4

FRANZBLAU DRATCH
A Professional Corporation
354 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-3700
Attorneys for Plaintiff Dana Usinowicz

RECEIVED & FILED
SUPERIOR COURT
2011 APR -4  A 9: 42
CIVIL DIVISION

| | |
|---|---|
| DANA USINOWICZ, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION:  MORRIS COUNTY |
| Plaintiff, | DOCKET NO. |
| | |
| vs. | Civil Action |
| | |
| UNGERER & COMPANY, KENNETH G. | **COMPLAINT AND** |
| VOORHEES, III, JOHN DOES I-XX | **JURY DEMAND** |
| and JANE DOES I-XX, | |
| | |
| Defendants. | |

Dana Usinowicz, who, during the relevant time period set forth in the Complaint below, resided at 9 Pearl Avenue, Pompton Plains (Township of Pequannock), in the County of Morris, in the State of New Jersey, by and through her attorneys, Franzblau Dratch, P.C., by way of Complaint against the defendants says:

## PARTIES

1.  Plaintiff Dana Usinowicz ("Plaintiff") began employment with Defendant Ungerer & Company in or about June 2005.  She served in a number of positions, beginning as a receptionist, and, as of July 7, 2010, when she was 25 years old, held the position of executive assistant to several senior management people, including Thomas Charmont, the Company's President, and Defendant Kenneth G. Voorhees, III, an Executive Vice President of the Company.  She was an outstanding employee and received

commensurate performance evaluations.

2.   Defendant Ungerer & Company ("Defendant Company") is a privately owned international company which manufactures oils, oleo resins and aroma chemicals for the flavor, fragrance and allied industries. Defendant Company employs more than 500 employees world-wide. Its headquarters are located at 4 Bridgewater Lane, in the Borough of Lincoln Park, in the County of Morris, in the State of New Jersey.

3.   Defendant Kenneth G. Voorhees, III ("Defendant Voorhees III") was an Executive Vice President with the Defendant Company on or about July 7, 2010.  He is the son of the owner of the company, Kenneth G. Voorhees, Jr., who, upon information and belief, is the Defendant Company's Chief Executive Officer.

4.   Defendants John Does I through XX are fictitious persons who were involved in the wrongdoing that is the subject of this Complaint but whose actual identities are unknown at this time, and whose wrongdoing damaged Plaintiff.

5.   Defendants Jane Does I through XX are fictitious persons who were involved in the wrongdoing that is the subject of this Complaint but whose actual identities are unknown at this time, and whose wrongdoing damaged Plaintiff.

2

## RELEVANT BACKGROUND FACTS

6.  On or about July 7, 2010, Plaintiff attended a company function involving other Defendant Company personnel and customers of the Defendant Company.  The event ended at approximately 6:00 p.m.

7.  After the event, Plaintiff and a female co-employee went to a restaurant located in Morristown, New Jersey.  Other employees, including Defendant Voorhees III, and some of the Defendant Company's customers came into the restaurant when Plaintiff and the female co-employee were still there.

8.  After Plaintiff and her female co-worker had finished their dinner, and Plaintiff placed a take-out order they approached their co-workers and the customers who were having drinks at the restaurant bar.

9.  Defendant Voorhees III had a reputation for being a womanizer and, according to the Defendant Company "grapevine," had previously attempted to have relationships with female employees of the Defendant Company.

10.  Plaintiff and her co-worker joined the other employees, including Defendant Voorhees III, and the Defendant Company's customers, when that group was seated at a table.  Plaintiff sat next to Defendant Voorhees III.  At some point, Defendant Voorhees III began to solicit Plaintiff to have a sexual affair

3

with him. He was persistent and repetitious in his approach, all of which made Plaintiff extremely uncomfortable, embarrassed and humiliated.  He said that Plaintiff's salary current salary was inadequate and could increased substantially, even doubled, if she had an affair with him.

11.  When Plaintiff advised Defendant Voorhees III that she was satisfied with her salary and that under no circumstances would she engage in a sexual affair with him, Defendant Voorhees III became insistent that Plaintiff kiss him and extended his face towards her.

12.  Plaintiff refused to have any physical contact with him or kiss him.  As a result, Defendant Voorhees III became very upset and displeased, and renewed his solicitation for a sexual affair, again referring to the inadequacy of Plaintiff's salary.

13.  Approximately six months before this incident occurred, Plaintiff's responsibilities at the Defendant Company had been changed.  Prior to the change, she worked primarily as an executive assistant to Thomas Charmont, the Defendant Company's President of the Essential Ingredients Division.  Her responsibilities were altered by the change in that she worked primarily for Defendant Voorhees III, although she did perform some duties and services for the President.

14.  Defendant Voorhees III also stated during the encounter

4

that she had been transferred because she had had a sexual affair with the President, and the President's wife wanted her to be transferred.

15.  Plaintiff understood this to be another attempt by Defendant Voorhees III to force Plaintiff to have sex with him and/or to intimidate her because, as Defendant Voorhees III well knew, Plaintiff never had a sexual affair with the President of the Company and enjoyed an excellent relationship with him and his ill wife.

16.  Defendant Voorhees III, using profane language, described his feelings and resentment toward the President and sought to have Plaintiff agree with him that the President was unethical and not worthy of respect.  Plaintiff refused to agree with the statements uttered by Defendant Voorhees III which resulted in his further frustration.

17.  Defendant Voorhees III then asked Plaintiff to perform fellatio on him and said in words to the effect:  "I could double that [referring to the Plaintiff's salary], I want you to suck me off."

18.  When Plaintiff said, "Excuse me," Defendant Voorhees III responded "You heard me.  You don't want to screw around with me."

19.  At that point in time, the take-out order was presented

5

to the Plaintiff, and her co-worker said that they should leave.

20.   Several witnesses, including customers, overheard the comments by Defendant Voorhees III to Plaintiff.

21.   Plaintiff reported to work the following day because she had heard that Defendant Voorhees III would not be in the office for the rest of the week and was told that Defendant Company's Human Resources Department would be in touch with her.

22.   Instead of a representative from the Human Resources Department, Plaintiff was approached by John Olsen, a Vice President with the Defendant Company.  Olsen stated that the incident had been reported to the Defendant Company's President, who was in Switzerland.

23.   Thereafter, the President telephoned her from Switzerland and advised Plaintiff not to worry.  The President stated that he would see that the matter was entirely rectified upon his return and Human Resources would be in touch with her immediately.

24.   Mr. Olsen thereafter presented a document for the Plaintiff to sign.  The document stated that Plaintiff was satisfied that the issue was completely "closed," which was not true.

25.   When Plaintiff stated that she wanted to take the document home to review it with her mother and grandfather, Mr.

6

Olsen refused to let her take the document out of the office. She was advised that the co-worker with whom she had dinner the night before signed a similar document.

26.   Plaintiff was never interviewed by any representative of the Human Resources Department.

27.   Because she was traumatized by the incident, she contacted her mental health counselors and renewed treatment by them.

28.   She last reported to work on or about July 9, 2010. Since then she has used her vacation and personal days and received temporary disability payments.

29.   Plaintiff filed an Intake Questionnaire with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about August 3, 2010.

30.   The EEOC issued a Notice of Right to Sue dated February 23, 2011 to the Plaintiff.

31.   Attempts to reach an accommodation with the Defendant Company were unsuccessful. Defendant Company recently offered to transfer Plaintiff to a satellite location near the Defendant Company's headquarters.  Plaintiff was to report to a Vice President of International.  This group works, upon information and belief, on the Defendant Company's Mexican operations.  All of the employees in that satellite facility speak Spanish.

Plaintiff does not speak Spanish.

### FIRST COUNT

### (CIVIL RIGHTS ACT VIOLATION)

1.  Plaintiff incorporates by reference all of the statements made in paragraphs 1 through 31 as though fully set forth at length herein.

2.  Plaintiff is a "person" and "employee" as those terms are defined in 42 U.S.C. §2000e(a) and (f).

3.  Defendant is an "employer" as that term is defined in 42 U.S.C. §2000e(b).

4.  The sexual demands by Defendant Voorhees III placed upon and to which Plaintiff was subjected constitute an imposed sex-based term or condition on Plaintiff's employment which affected Plaintiff's employment by causing her a stress-related breakdown resulting in long term disability.

5.  While Defendant Company had a Human Resources Department, that department did not conduct a review of Plaintiff's complaint of sexual harassment by a supervisor or other personnel nor, upon information and belief, did it maintain a method of alerting employees that sexual harassment in any form would not be tolerated.

6.  Indeed, the Defendant Company tried to suppress the incident by pressuring Plaintiff to sign a form indicating that

8

the matter was closed.

7.  Plaintiff received no assurances from Defendant Company that she would not be subjected to the unwarranted and unacceptable conduct of Defendant Voorhees III in the future.

8.  The position of Defendant Voorhees III in the Defendant Company based on his title of Executive Vice President and his being the son of the owner placed Plaintiff in the untenable position of returning to a hostile work environment.

9.  The proposed accommodation was in fact no accommodation inasmuch as she, the victim, would be banished to a satellite facility whose personnel were involved with the Defendant Company's Mexican operations and communicated in Spanish, a language with which Plaintiff was not conversant.

10.  Moreover, no action, upon information and belief, had been taken against the perpetrator of the heinous acts described above and committed by Defendant Voorhees III.

11.  She was constructively discharged.

12.  As a direct and proximate result of Plaintiff's constructive discharge, Plaintiff has lost wages and benefits, will continue to lose wages and benefits, and has suffered mental assault resulting in physical and mental pain and suffering, has been and continues to be humiliated, embarrassed and otherwise mentally and physically degraded and has incurred medical

9

expenses for treatment resulting from the injuries flowing from the conduct of the Defendants, including but not limited to the Defendant Company and Defendant Voorhees III.

13.    Defendants' conduct described above was in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. §§2000e, et seq.).

WHEREFORE, Plaintiff Dana Usinowicz demands judgment against the Defendants, Ungerer & Company, Kenneth G. Voorhees, III, John Does I-XX and Jane Does I-XX for compensatory and punitive damages, including economic damages for career path losses, damages for pain and suffering and compensation for reputational damage, attorneys' fees, together with interest and costs of suit and such other relief as the Court deems just.

### SECOND COUNT

### (LAW AGAINST DISCRIMINATION)

1.    Plaintiff Dana Usinowicz repeats and incorporates by reference the prior allegations set forth above in paragraphs 1 through 31 and the First Count.

2.    Plaintiff is a "person" and "employee" as those terms are defined in N.J.S.A. 10:5-5(a) and (f).

3.    Defendant is an "employer" as that term is defined in N.J.S.A. 10:5-5(e).

4.    Based on the foregoing, including the facts set forth in

10

paragraphs 1 through 28 and in the First Count above, Plaintiff has been subjected to unlawful discriminatory treatment because of her gender in violation of N.J.S.A. 10:5-12.

5. As a result of all of the foregoing, Plaintiff has sustained severe damages. Plaintiff has lost wages and benefits, will continue to lose wages and benefits, and has suffered mental assault resulting in physical and mental pain and suffering, has been and continues to be humiliated, embarrassed and otherwise mentally and physically degraded and has incurred medical expenses for treatment resulting from the injuries flowing from the conduct of the Defendants, including but not limited to the Defendant Company and Defendant Voorhees III.

WHEREFORE, Plaintiff Dana Usinowicz demands judgment against the Defendants, Ungerer & Company, Kenneth G. Voorhees, III, John Does I-XX and Jane Does I-XX for compensatory and punitive damages, including economic damages for career path losses, damages for pain and suffering and compensation for reputational damage, attorneys' fees, together with interest and costs of suit and such other relief as the Court deems just.

### THIRD COUNT

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1. Plaintiff Dana Usinowicz repeats and incorporates by reference the prior allegations set forth above in paragraphs 1

11

through 31 and the First and Second Counts.

2.   The conduct of Defendant Voorhees III on the date in question constituted extreme and outrageous conduct towards Plaintiff.

3.   The comments made by Defendant Voorhees III as described above were done intentionally in a fashion intended to produce emotional distress, or recklessly in deliberate disregard for a high degree of probability that emotional distress would follow.

4.   The misconduct of Defendant Voorhees III proximately caused Plaintiff emotional distress so severe that no reasonable person could be expected to endure it.

5.   Plaintiff has been damaged by the conduct by Defendant Voorhees III.

WHEREFORE, Plaintiff Dana Usinowicz demands judgment against Defendant Kenneth G. Voorhees, III for compensatory and punitive damages, attorneys' fees, together with interest and costs of suit and such other relief as the Court deems just.

## FOURTH COUNT

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

1. Plaintiff Dana Usinowicz repeats and incorporates by reference the prior allegations set forth above in paragraphs 1 through 31 and the First through Third Counts.

2.   The negligent conduct of Defendant Voorhees III caused

12

Plaintiff to be frightened from a reasonable fear of immediately personal injury.

3.   Plaintiff has been injured proximately caused by the negligence of Defendant Voorhees III whose conduct resulted in sickness.

4.   In the alternative, the negligent conduct of Defendant Voorhees III constitutes special circumstances that guarantee the likelihood of a genuine serious claim for emotional distress.

WHEREFORE, Plaintiff Dana Usinowicz demands judgment against Defendant Kenneth G. Voorhees, III for compensatory and punitive damages, attorneys' fees, together with interest and costs of suit and such other relief as the Court deems just.

### FIFTH COUNT

#### (SLANDER)

1.   Plaintiff Dana Usinowicz repeats and incorporates by reference, the prior allegations set forth above in paragraphs 1 through 31 and the First through Fourth Counts.

2.   Plaintiff enjoyed a good reputation.

3.   Comments by Defendant Voorhees III, in the presence of others, whose names are known and unknown to the Plaintiff, falsely and maliciously, and for the purpose of injuring the Plaintiff and her good name, falsely accused Plaintiff of having a sexual affair with the President of Defendant Company.

13

4.   This allegation of serious sexual misconduct was false as Defendant Voorhees III well knew.

5.   The Plaintiff has been and is greatly injured and her good name, character and reputation, and brought into public scandal, infamy and disgrace by the conduct of Defendant Voorhees III.

WHEREFORE, Dana Usinowicz demands judgment against Defendant Kenneth G. Voorhees, III for damages, punitive damages, together with interest and costs of suit and such further relief as the Court deems just.

**SIXTH COUNT**

**(NEGLIGENT SUPERVISION)**

1.   Plaintiff Dana Usinowicz repeats and incorporates by reference, the prior allegations set forth above in paragraphs 1 through 31 and the First through Fifth Counts.

2.   The Defendant Company and its senior officers owed a duty to all of the Defendant Company's employees, including the Plaintiff, that the employees would not be sexually harassed or subjected to a hostile work environment from senior employees, such as Defendant Voorhees III or retaliated against.

3.   Defendant Company breached that duty and was negligent in the manner in which it hired and supervised Defendant Voorhees III.

14

4.   As a result of this failure to supervise, Plaintiff was exposed to the unsolicited sexual advances of Defendant Voorhees III, harassment, and creation of a hostile work environment based on the particular unfitness, inappropriateness or behavioral characteristics of Defendant Voorhees III.

5.   As a result of the failure by Defendant Company's senior management and ownership, including John Does I-XX and Jane Does I-XX, to adequately supervise Defendant Voorhees III, the Plaintiff has been injured and damaged.

WHEREFORE, Dana Usinowicz demands judgment against Defendants Ungerer & Company, Kenneth G. Voorhees, III, John Does I-XX and Jane Does I-XX for damages, punitive damages, together with interest and costs of suit and such further relief as the Court deems just.

FRANZBLAU, DRATCH, P.C.
Attorneys for Plaintiff,
Dana Usinowicz

By: _____
      S.M. CHRIS FRANZBLAU

Dated:  April 1, 2011

**JURY DEMAND**

Plaintiff Dana Usinowicz hereby demands a trial by jury on all issues.

15

## CERTIFICATION

I, S.M. Chris Franzblau, hereby certify that in accordance with R. 4:5-1 this is the only action presently pending and that no other action or arbitration is contemplated and that to defendants knowledge no other persons should be joined as a party in these proceedings.

_____
S.M. CHRIS FRANZBLAU

## TRIAL COUNSEL DESIGNATION

In accordance with Rule 4:25-4, S.M. Chris Franzblau, Esq. and Julian Wilsey, Esq. are hereby designated as trial counsel for the plaintiffs in the above matter.

FRANZBLAU DRATCH, P.C.
Attorneys for Plaintiff
Dana Usinowicz

By: _____
S.M. CHRIS FRANZBLAU

Dated: April 1, 2011

16